1
2
3
4
5
6
7
8
9
10

# UNITED STATES DISTRICT COURT

11

## EASTERN DISTRICT OF CALIFORNIA

12

13

14

15

16

17

18

| TIMOTHY PETER RALBOVSKY, | ) | CV F 05 0427 OWW SMS HC |
|---|---|---|
| Petitioner, | ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | ) | [Doc. #1] |
| M. C. KRAMER, Warden, et al., | ) | |
| Respondents. | ) | |

19       Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20   pursuant to 28 U.S.C. § 2254.

21                                          **BACKGROUND**[1]

22       On April 26, 2002, Petitioner was convicted in the Orange County Superior Court of

23   unlawful taking of a motor vehicle, transportation/sale of a controlled substance, possession of a

24   controlled substance, being under the influence of a controlled substance, receiving stolen property,

25   and several enhancements.  Petitioner was sentenced to serve a total determinate term of fourteen

26   and two-thirds years in state prison.

27

28

---

[1]This information is derived from the petition for writ of habeas corpus.

1      Because the instant petition alleges constitutional error in the execution of his sentence and

2  does not challenge the underlying conviction, the Court will only recite the state court proceedings

3  relevant to the petition.

4      After several unsuccessful administrative appeals, Petitioner filed a petition for writ of

5  habeas corpus raising the underlying claim in the Monterey County Superior Court.  On December 8,

6  2003, the petition was denied. See Exhibit A, Petition. Petitioner then filed a petition for writ of

7  habeas corpus in the California Court of Appeal, Sixth Appellate District. On February 26, 2004, the

8  petition was denied. Id. Petitioner then filed a petition for writ of habeas corpus in the California

9  Supreme Court. On February 23, 2005, the California Supreme Court denied the petition. Id.

10      On March 31, 2005, Petitioner filed the instant federal petition for writ of habeas corpus. The

11  petition contains one ground for relief: "The enactment and implementation of California Penal Code

12  § 2933.3 violates petitioner's Equal Protection rights under the Fourteenth Amendment of the U.S.

13  Constitution, and, same rights under the State of California Constitution as well."

14      On July 25, 2005, Respondent filed an answer to the petition.

15      On August 17, 2005, Petitioner filed a traverse to the response.

16                                    **DISCUSSION**

17  I.  Standard of Review

18      On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

19  1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

20  Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114

21  F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*

22  *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)

23  (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was

24  filed after the enactment of the AEDPA; thus, it is governed by its provisions.

25      Petitioner is in custody of the California Department of Corrections pursuant to a state court

26  judgment. Even though Petitioner is not challenging the underlying state court conviction, 28 U.S.C.

27  § 2254 remains the exclusive vehicle for his habeas petition because he meets the threshold

28  requirement of being in custody pursuant to a state court judgment. White v. Lambert, 370 F.3d

1   1002, 1006 (9th Cir.2004); <u>Sass v. California Board of Prison Terms</u>, 2005 WL 1406100, *2 (E.D.

2   Cal.2005); see 28 U.S.C. § 2254(a) (This Court may entertain a petition for writ of habeas corpus "in

3   behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is

4   in custody in violation of the Constitution or laws or treaties of the United States.").

5         The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death

6   Penalty Act which became effective on April 24, 1996.  <u>Lockyer v. Andrade</u>,  538 U.S. 63, 70

7   (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the

8   adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

9   application of, clearly established Federal law, as determined by the Supreme Court of the United

10   States" or "resulted in a decision that was based on an unreasonable determination of the facts in

11   light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); <u>see</u> <u>Lockyer</u>,

12   538 U.S. at 70-71; <u>see</u> <u>Williams</u>, 529 U.S. at 413.

13         As a threshold matter, this Court must "first decide what constitutes 'clearly established

14   Federal law, as determined by the Supreme Court of the United States.'" <u>Lockyer</u>, 538 U.S. at 71,

15   *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court

16   must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time

17   of the relevant state-court decision." <u>Id</u>., *quoting* <u>Williams</u>, 592 U.S. at 412. "In other words, 'clearly

18   established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by

19   the Supreme Court at the time the state court renders its decision." <u>Id</u>.

20         Finally, this Court must consider whether the state court's decision was "contrary to, or

21   involved an unreasonable application of, clearly established Federal law." <u>Lockyer</u>, 538 U.S. at 72,

22   *quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the

23   writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a

24   question of law or if the state court decides a case differently than [the] Court has on a set of

25   materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72.

26   "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state

27   court identifies the correct governing legal principle from [the] Court's decisions but unreasonably

28   applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.

1   "[A] federal court may not issue the writ simply because the court concludes in its

2   independent judgment that the relevant state court decision applied clearly established federal law

3   erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.  A

4   federal habeas court making the "unreasonable application" inquiry should ask whether the state

5   court's application of clearly established federal law was "objectively unreasonable."  Id. at 409.

6   Petitioner has the burden of establishing that the decision of the state court is contrary to or

7   involved an unreasonable application of United States Supreme Court precedent. Baylor v. Estelle,

8   94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states,

9   Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court

10  decision is objectively unreasonable.  See Clark v. Murphy, 331 F.3d 1062, 1069 (9th Cir.2003);

11  Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir.1999).

12  AEDPA requires that we give considerable deference to state court decisions. The state

13  court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's

14  interpretation of its own laws. Souch v. Schaivo, 289 F.3d 616, 621 (9th Cir.2002), cert. denied, 537

15  U.S. 859 (2002), rehearing denied, 537 U.S. 1149 (2003). II. Analysis of Claim

16  II.  Analysis of Claim

17  Petitioner claims "the enactment and implementation of California Penal Code § 2933.3

18  violates [his] Equal Protection rights under the Fourteenth Amendment of the U.S. Constitution." He

19  further claims "the same rights under the State of California Constitution" are violated as well.

20  Under Cal. Penal Code § 2933, prisoners may receive six months of worktime credit for

21  every six months of full-time performance in a credit qualifying work, training or education program

22  established by the Director of Corrections. In essence, a qualifying inmate can earn one day of credit

23  for each day of service. Cal. Penal Code § 2933.3 provides an additional day of worktime credit for

24  every day of service provided the inmate is a assigned to a conservation camp.[2]  However, § 2933

25

26  [2]Cal. Penal Code § 2933.3 provides:

27  Notwithstanding any other provision of law, any inmate assigned to a conservation camp by the Department of
    Corrections who is eligible to earn one day of worktime credit for every one day of service pursuant to Section 2933

28  shall instead earn two days of worktime credit for every one day of service. This enhanced worktime credit shall only
    apply to service performed after January 1, 2003.

1   provides that prisoners have *no* right to earn the worktime credits provided by that section.

2   According to § 2933(b), "[w]orktime credit is a *privilege*, not a right." Cal. Penal Code § 2933(b)

3   (emphasis added). § 2933 specifically contemplates that not all inmates will be assigned to a credit-

4   qualifying program. See Toussaint v. McCarthy, 801 F.2d 1080, (9th Cir.1986), *cert. denied*, 481

5   U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987). In fact, prisoners are not entitled automatically to

6   participate in worktime credit programs, People v. Rosaia, 157 Cal.App.3d 832, 848, 203 Cal.Rptr.

7   856, 867 (1984), and there is no guarantee that work programs will be available. People v. Caruso,

8   161 Cal.App.3d 13, 16 n. 5, 207 Cal.Rptr. 221, 224 n. 5 (1984).

9       "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall

10   'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a

11   direction that all persons similarly situated should be treated alike." City of Cleburne, Texas v.

12   Cleburne Living Center, 473 U.S. 432, 439, 105 S.Ct. 3249 (1985), *quoting*, Plyler v. Doe, 457 U.S.

13   202, 216, 102 S.Ct. 2382, 2394, 72 L.Ed.2d 786 (1982). Here, Petitioner does not allege an invidious

14   classification, nor is a fundamental right at stake, because § 2933 does not create a constitutionally

15   protected liberty interest. See Toussaint, 801 F.2d 1080. Thus, Petitioner must demonstrate that the

16   CDC's denial of his requested placement was not rationally related to legitimate state interests.

17   Kalka v. Vasquez, 867 F.2d 546, 547 (9th Cir.1989). In other words, the CDC's decision must bear a

18   rational relationship to a legitimate governmental purpose. Bunyan v. Camacho, 770 F.2d 773, 774

19   (9th Cir.1985).

20       In Kalka, an inmate who was otherwise qualified and willing to work but was not assigned

21   work was denied the same worktime credit against his sentence under § 2933 as those inmates who

22   actually did work. 867 F.2d at 547. The inmate claimed a violation of his equal protection rights. The

23   Ninth Circuit denied the claim finding the state appropriately denied the inmate the additional

24   worktime credits, because he did not actually perform work. Id. The Ninth Circuit found there was a

25   rational basis for this distinction: "those prisoners who actually perform the work successfully are

26   better prepared for reintegration into society." Id.

27       Here, the CDC denied Petitioner's placement in a credit-qualifying work program, thereby

28   foreclosing additional worktime credit against his sentence under § 2933.3. The CDC based this

1  decision on the position that Petitioner cannot be placed in a minimum security camp, because he is

2  serving a lengthy sentence and therefore poses an escape risk, and his classification status precludes

3  him from placement at a lower security facility.  While Petitioner takes exception to the CDC's

4  position that he poses a security risk, the CDC's reasoning is reasonable. Denying placement in

5  minimum security facilities to inmates who face a lengthy sentence is not irrational. Instead,

6  separating inmates who have a higher custody classification and pose a security risk from minimum

7  security inmates who pose less of a risk is rationally related to the state's legitimate interest in

8  institutional security.  In addition, Petitioner has no legitimate statutory or constitutional entitlement

9  to custody classification or eligibility for rehabilitative programs sufficient to invoke due process.

10  Moody v. Daggett, 429 U.S. 78, 88 n. 9 (1976). Rather, "Congress has given federal prison officials

11  full discretion to control these conditions of confinement." Id.  Moreover, as in Kalka, Petitioner has

12  not actually performed work, so the CDC has reasonably denied the additional worktime credits that

13  would be awarded to an inmate who qualified for a work program and did perform work. Kalka, 867

14  F.2d at 547; Toussaint, 801 F.2d at 1094-95. Consequently, the state court rejection of Petitioner's

15  claims was not contrary to or an unreasonable application of clearly established federal law, nor was

16  the decision based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The petition

17  should be denied.

18      With respect to Petitioner's claim that the CDC's denial of worktime credits violated

19  Petitioner's state constitutional rights, the claim is not cognizable in a federal habeas action, because

20  generally, issues of state law are not cognizable on federal habeas. Estelle v. McGuire, 502 U.S. 62,

21  67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of

22  state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333,

23  348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level

24  of a constitutional violation, may not be corrected on federal habeas").

25                                    **RECOMMENDATION**

26      Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

27  DENIED with prejudice and the Clerk of Court be DIRECTED to enter judgment for Respondent.

28      This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

1   States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

2   of the Local Rules of Practice for the United States District Court, Eastern District of California.

3   Within thirty (30) days after being served with a copy, any party may file written objections with the

4   court and serve a copy on all parties.  Such a document should be captioned "Objections to

5   Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and

6   filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections.

7   The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The

8   parties are advised that failure to file objections within the specified time may waive the right to

9   appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

10

11  IT IS SO ORDERED.

12  **Dated:     August 29, 2005          /s/ Sandra M. Snyder**
    icido3                               UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28