UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIMOTHY PETER RALBOVSKY, | ) | 1:05-CV-0427 OWW SMS HC |
| | ) | |
| Petitioner, | ) | ORDER ADOPTING FINDINGS AND |
| | ) | RECOMMENDATION |
| | ) | [Doc. #12] |
| v. | ) | |
| | ) | ORDER DENYING PETITION FOR WRIT |
| | ) | OF HABEAS CORPUS |
| M.C. KRAMER, Warden, et al, | ) | [Doc. #1] |
| | ) | |
| Respondents. | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 30, 2005, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DENIED with prejudice. The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment. The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On September 16, 2005, Petitioner filed objections to the Findings and Recommendation.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de*

*novo* review of the case.  In her Findings and Recommendation, the Magistrate Judge found no constitutional error in the application of Cal. Penal Code § 2933.3 in Petitioner's case. Having carefully reviewed the entire file and having considered Petitioner's objections on this point, the Court concludes that the Magistrate Judge's Findings and Recommendation is supported by the record and proper analysis, and there is no need to modify the Findings and Recommendations based on these points raised in the objections.

In his objections, Petitioner also challenges the statute on its face.  Statutes are ordinarily challenged, and their constitutionality evaluated, "as applied," which is to say, a petitioner contends that application of the statute in the particular context in which he has acted, or in which he proposes to act, would be unconstitutional. This was the context in which the Magistrate analyzed Petitioner's claims. "The practical effect of holding a statute unconstitutional "as applied" is to prevent its future application in a similar context, but not to render it utterly inoperative." Ada v. Guam Society of Obstetricians & Gynecologists, et. al., 506 U.S. 1011, 113 S.Ct. 633, 634 (1992) (Scalia, J., dissenting). In order to hold the entire statute utterly inoperative and unconstitutional "on its face," Petitioner must demonstrate that "there exists no set of circumstances in which the statute can constitutionally be applied." Id; see, e.g., United States v. Salerno, 481 U.S. 739, 745, 107 S.Ct. 2095, 2100 (1987) (a facial challenge is "the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the [rule] would be valid"). In addition, the Supreme Court has held that the mere fact that a statute "might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid," since the Supreme Court has not recognized an overbreadth doctrine outside the limited context of the First Amendment. Salerno, 481 U.S. at 745.  "[C]ourts are not roving commissions assigned to pass judgment on the validity of the Nation's laws." Broadrick v. Oklahoma, 413 U.S. 601, 610-611, 93 S.Ct. 2908, 2915 (1973).

Here, Petitioner's claim fails because he has not demonstrated that "there exists no set of circumstances in which the statute can constitutionally be applied." Ada, 113 S.Ct. at 634. In 1982, the California Legislature determined that "productive work on a regular basis is the most appropriate method of successfully instilling in prisoners the values of a law-abiding and cooperative

society and will improve the possibility of their reintegration into that society." (Stats.1982, ch. 1, § 1, p. 1.) With this principle in mind, the Legislature enacted Cal. Penal Code § 2933 which allowed prisoners to receive six months of worktime credit for every six months of full-time performance in a credit qualifying work, training or education program established by the Director of Corrections. In 2002, § 2933.3 was enacted which provides an additional day of worktime credit for every day of service provided the inmate is a assigned to a conservation camp.

Petitioner submits this new section was added "to reduce the bulging prison population, and consequently effectuate a savings to the Department of Corrections' budget." See p. 4, Traverse. This being the reason, the Court fails to see how providing an additional day of credit to qualifying inmates would not reduce the prison population. Necessarily, an additional day of credit will result in less incarceration for these qualifying inmates. This in turn will lessen the overall burden on the institutions. Whether the impact is great or slight is of little significance. The purpose of the statute is being accomplished. Petitioner argues that the beds at said conservation camps are always filled and will always be filled; therefore, the intent cannot be realized. This argument is not persuasive because it fails to take into account the effect the statute has on all prison populations, not only the camps. The fact that an inmate is transferred to an available space when another inmate is released does not show the statute to be ineffective. This is merely indicative of the known fact that California prisons are overcrowded.

Furthermore, the purpose behind the statute is a legitimate state interest. In addition, a protected liberty interest is not at stake, and Petitioner has not shown the statute to be implemented in such an arbitrary manner so as to invidiously discriminate on an unconstitutional basis such as race, sex or alienage.  In sum, Petitioner has not demonstrated that "there exists no set of circumstances in which the statute can constitutionally be applied." Ada, 113 S.Ct. at 634.

///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued August 30, 2005, is ADOPTED IN FULL;

2. The Petition for Writ of Habeas Corpus is DENIED WITH PREJUDICE; and

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

**Dated:   October 11, 2005**              **/s/ Oliver W. Wanger**
emm0d6                                                        UNITED STATES DISTRICT JUDGE